EDA

FILED
FEBRUARY 22, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

08 C 1123

GEOFFREY BASSETT,

Plaintiff,

v.

CHICAGO STATE UNIVERSITY, ELNORA D. DANIEL, President of Chicago State University, WILLIAM SHAW, Chief of Police for Chicago State University, NANCY HALL-WALKER, General Counsel for Chicago State University,

Defendants.

CASE NO:

JURY TRIAL DEMANDED

JUDGE SHADUR
MAGISTRATE JUDGE SCHENKIER

**COMPLAINT AT LAW**

NOW COMES the Plaintiff, GEOFFREY BASSETT, by and through his attorney, Luke A. Casson of Andreou & Casson, Ltd., and for his Complaint at Law against the Defendants, CHICAGO STATE UNIVERSITY, ELNORA D. DANIEL, WILLIAM SHAW, and NANCY HALL-WALKER, states as follows:

**Introduction**

1. This is an action for redress for a due process violation and malicious prosecution against GEOFFREY BASSETT, by Defendant in violation of his rights of equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States and Article 1, Section 2 of the Illinois State Constitution. This civil rights action is brought under 42 U.S.C. §1983 and the Illinois State Constitution to correct unlawful employment practices and to make GEOFFREY BASSETT ("BASSETT") whole.

**Jurisdiction & Venue**

2. Jurisdiction of this Court is conferred and invoked pursuant to 28 U.S.C. §§ 1331, 1343 (3) and (4); 42 U.S.C. § 1983; and the Fourteenth Amendment to the Constitution of the United States of America. Venue of this Complaint has properly been laid in the Northern District of Illinois, Eastern Division, as all parties are residents of Cook County. Upon information and belief, the Defendants to this Complaint are citizens of the State of Illinois. All of the actions alleged herein occurred within the County of Cook, State of Illinois, which lies within the Northern District of Illinois.

**Parties**

3. BASSETT is a 41 year old, male, employed as a university police officer with Chicago State University. At all relevant times, he was a resident of Cook County, Illinois.
4. Defendant, CHICAGO STATE UNIVERSITY, is a public university, consisting of more than 6,000 students and is located in Cook County, Illinois.
5. Defendant, ELNORA D. DANIEL, is the President of Chicago State University.
6. Defendant, WILLIAM SHAW, is the Chief of Police for the Chicago State University.
7. Defendant, NANCY HALL-WALKER, is the General Counsel for Chicago State University.

**Facts Upon Which Claims Are Based**

8. All actions and inactions alleged occurred in Cook County, Illinois.

9. In 2003, BASSETT was employed as a university police officer with Defendant, CHICAGO STATE UNIVERSITY. Throughout his work, he observed the campus, maintained care and control of university property and students and patrolled traffic in and around the campus.

10. On April 23, 2003, BASSETT conducted a routine traffic stop at approximately 3:30 a.m. after he observed a motorist screeching her tires.

11. After stopping the motorist, BASSETT asked for ID and proof of insurance. The twenty-two year old female driver explained that she was going to meet her boyfriend and then proceeded to expose herself to BASSETT.

12. BASSETT made no comment to the woman's actions and returned the ID and insurance, instructed the driver to be careful, and allowed her to leave without issuing a ticket.

13. Upon returning to university police headquarters, BASSETT was confronted and threatened by two people claiming BASSETT sexually assaulted the female driver.

14. BASSETT was taken to the Chicago Police Department for questioning. No charges were filed.

15. From the date of the traffic stop, April 23, 2003 until August 15, 2003, BASSETT was placed on paid leave in order for CHICAGO STATE UNIVERSITY to conduct an investigation.

16. On August 15, 2003, BASSETT was informed that he would be placed on unpaid leave.

17. In November, 2003, the CHICAGO STATE UNIVERSITY Merit Board conducted an administrative hearing and declared BASSETT was not guilty of any acts of sexual assault and was cleared of all charges.

18. In January, 2004, the CHICAGO STATE UNIVERSITY merit board determined BASSETT should return to work and be awarded $16,000 in back pay.

19. In February, 2004, BASSETT returned to work as a University Police Officer with CHICAGO STATE UNIVERSITY.

20. Several months later, in November, 2004, BASSETT was told to come to work during his off day. BASSETT was subsequently taken into custody by the Chicago Police Department on the direction of DANIEL, SHAW AND HALL and charged with criminal sexual assault.

21. After being taken into custody, CHICAGO STATE UNIVERSITY placed BASSETT on administrative leave without pay.

22. From November 2004 – May 2007, BASSETT was on administrative leave without pay.

23. In April, 2007, BASSETT's trial was held and he was found not guilty on all charges.

24. Immediately after the trial, BASSETT contacted his union representative and CHICAGO STATE UNIVERSITY and requested to return to his original position.

25. The actions of Defendants DANIEL, SHAW AND HALL-WALKER were intentional and malicious and done for the purpose of depriving BASSETT of his constitutional rights and liberties.

26. On May 1, 2007, BASSETT returned to work at CHICAGO STATE UNIVERSITY as a campus police officer.

27. In order to compensate Bassett for the money lost while placed on administrative leave, BASSETT asked Defendant, CHICAGO STATE UNIVERSITY to provide backpay for the time between November 2004 and May 2007. This would total $128,277.50.

28. In September, 2007, CHICAGO STATE UNIVERSITY awarded BASSETT $79,697.33 in backpay, a little more than half of what he requested.

**COUNT I**

**PROCEDURAL DUE PROCESS 42 USC §1983**

**14th Amendment**

29. BASSETT hereby incorporates and realleges paragraphs 1-27 as though set forth herein and is incorporated by reference.

30. As a direct and proximate result of the Defendant's conduct, the Plaintiff was deprived of rights, privileges and immunities secured by the Fourteenth Amendment of the United States Constitution.

31. The Defendant's actions were committed while engaged in their official capacity as supervisors and employees of Chicago State University.

32. The freedom to engage in a common occupation of life is guaranteed pursuant to the Fourteenth Amendment of the United States Constitution.

33. The Defendants took action which foreclosed the ability of the Plaintiff to enjoy and exercise his rights under the Fourteenth Amendment to the U.S. Constitution

without due process of law; to be employed in the capacity of a university police officer and receive payment for his employment.

34. The Plaintiff has a protected property interest in pursuing an occupation and has a constitutional right to take advantage of employment opportunities as they arise in that occupation.

35. The Defendants significantly and permanently impaired the Plaintiff's freedom to pursue his occupation when they suspended Plaintiff due to false charges and refused to provide backpay equal to the amount earned during his administrative leave.

36. The Plaintiff had a property interest in his employment and that interest was deprived to him during his mandatory administrative leave, held from November of 2004 to May of 2007.

37. As a result of false charges, the Plaintiff was suspended for a period of 30 months, thereby losing pay, benefits of employment, insurance and income.

38. The false accusations made by the Defendants were made with the specific intent to prevent the Plaintiff from obtaining employment within his chosen field of endeavor.

39. Defendants' intentional deprivation of Plaintiff's due process rights has caused Plaintiff loss of employment, loss of present wages and benefits, continued damage to his reputation and other consequential damages.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment on that ground that Defendants have violated the Fifth and Fourteenth Amendments to Due Process;

b. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

c. Compensatory damages including, but not limited to, lost wages, lost health and other benefits, future wage loss, loss of earning capacity, loss of reputation and damages to career, pain and suffering and loss of enjoyment of life;

d. The Court retain jurisdiction of this case until such time as it is assured that the Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

e. Punitive damages as allowed by law as against Defendants;

f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

g. Such other relief as the Court may deem just or equitable.

**COUNT II**

**PROCEDURAL DUE PROCESS**

**Illinois State Constitution**

40. BASSETT hereby incorporates and realleges paragraphs 1-27 as though set forth herein and is incorporated by reference.

41. As a direct and proximate result of the Defendant's conduct, the Plaintiff was deprived of rights, privileges and immunities secured by the Article 1, Section 2 of the Illinois State Constitution.

42. The Defendant's actions were committed while engaged in their official capacity as supervisors and employees of Chicago State University.

43. The freedom to engage in a common occupation of life is guaranteed pursuant to the Illinois State Constitution.

44. The Defendants took action which foreclosed the ability of the Plaintiff to enjoy and exercise his rights under the Illinois State Constitution without due process of

law; to be employed in the capacity of a university police officer and receive payment for his employment.

45. The Plaintiff has a protected liberty interest in pursuing an occupation and has a right to take advantage of employment opportunities as they arise in that occupation.

46. The Defendants significantly and permanently impaired the Plaintiff's freedom to pursue his occupation when they suspended Plaintiff due to false charges and refused to provide backpay equal to the amount earned during his administrative leave.

47. The Plaintiff had a property interest in his employment and that interest was deprived to him during his mandatory administrative leave, held from November of 2004 to May of 2007.

48. As a result of false charges, the Plaintiff was suspended for a period of 30 months, thereby losing pay, benefits of employment, insurance and income.

49. The false accusations made by the Defendants were made with the specific intent to prevent the Plaintiff from obtaining employment within his chosen field of endeavor.

50. Defendants' intentional deprivation of Plaintiff's due process rights has caused Plaintiff loss of employment, loss of present wages and benefits, continued damage to his reputation and other consequential damages.

WHEREFORE, Plaintiff respectfully requests:

a. A declaratory judgment on that ground that Defendants have violated the Illinois State Constitution; and Illinois public policy against malicious prosecution, and has caused public disgrace to Plaintiff;

b. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

c. Compensatory damages including, but not limited to, lost wages, lost health and other benefits, future wage loss, loss of earning capacity, loss of reputation and damages to career, pain and suffering and loss of enjoyment of life;

d. The Court retain jurisdiction of this case until such time as it is assured that the Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

e. Punitive damages as allowed by law as against Defendants;

f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

g. Such other relief as the Court may deem just or equitable.

**COUNT III**

**MALICIOUS PROSECUTION**

51. BASSETT hereby incorporates and realleges paragraphs 1-27 as though set forth herein and is incorporated by reference.

52. Defendants accused BASSETT of making a false statement to police investigators regarding his traffic stop in 2003.

53. Defendants falsely and maliciously without probably or reasonable cause, and without reasonable suspicion as to BASSETT's guilt, sought his termination from employment by Chicago State University.

54. The Merit Board began termination proceedings subsequent to the false accusations of the Defendants.

**WHEREFORE**, Plaintiff respectfully requests:

a. A permanent injunction enjoining Defendants, their officers, management personnel, employees, agents, successors, and assigns and those acting in concert therewith from any further violations of state law;

b. All wages and benefits Plaintiff would have received but for the deprivation of his rights, including pre-judgment interest;

c. Compensatory damages including, but not limited to, lost wages, lost health and other benefits, future wage loss, loss of earning capacity, loss of reputation and damages to career, pain and suffering and loss of enjoyment of life;

d. The Court retain jurisdiction of this case until such time as it is assured that the Defendants have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

e. Punitive damages as allowed by law as against Defendants;

f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

g. Such other relief as the Court may deem just or equitable.

## COUNT IV

## WRIT OF MANDATE ON BACKPAY

55. BASSETT hereby incorporates and realleges paragraphs 1-27 as though set forth herein and is incorporated by reference.

56. The Plaintiff has a clear and undisputed right to payment of his backpay and benefits deprived to him from November of 2004 to May of 2007.

57. The Defendant, CHICAGO STATE UNIVERSITY, has refused to pay for the Plaintiff's backpay and benefits for that period.

58. The Defendants' duty to pay for the Plaintiff's backpay and benefits lost are clearly defined by state law and County ordinance.

59. The payment of the backpay and benefits owed are not discretionary and were demanded by the Plaintiff in the amount of $128,277.50. The Defendants paid $79,697.33 of that amount; therefore, the Plaintiff is owed $48,580.17.

**WHEREFORE**, Plaintiff respectfully requests:

a. A writ of mandate, requiring Defendants to pay the amount of backpay, payable to the Plaintiff;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

**JURY DEMAND**

The Plaintiff hereby demands a trial by a jury.

Respectfully submitted,

ANDREOU & CASSON, LTD.

By: ***Luke A. Casson***___________
Luke A. Casson

Andreou & Casson, Ltd.
Attorneys for BASSETT
661 West Lake Street, Suite 2 North
Chicago, Illinois 60661
312.935.2000/ 312.935.2001