## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **BASSETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.      08-cv-1123** |
| | ) | |
| **v.** | ) | **Honorable Judge Shadur** |
| | ) | |
| **CHICAGO STATE UNIVERSITY,** | ) | **Mag. Judge Schenkier** |
| ***et al.,*** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO DISMISS

Defendants Chicago State University, Elnora D. Daniel, William Shaw and Nancy Hall-Walker, by their attorney Lisa Madigan, Attorney General of Illinois, move to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12 (b)(1) and 12(b)(6).

### A.  STANDARD FOR MOTION TO DISMISS

"While a complaint attacked by a rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). In ruling on a motion to dismiss under both Rule 12(b)(1) and Rule 12(b)(6), the court accepts as true all well-pleaded facts alleged in the

complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Sanner v. Bd. of Trade,* 62 F.3d 918, 925 (7th Cir. 1995).

## B.  ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Plaintiff has filed a four-count complaint based upon his termination from employment as a university police officer at Chicago State University. Plaintiff was terminated after he was alleged to have sexually assaulted a female motorist during a traffic stop. Plaintiff was also charged criminally for the assault. Plaintiff ultimately had his discharge reversed and he was acquitted of the criminal charges. Count I alleges a federal procedural due process claim, Count II alleges a state procedural due process claim, Count III alleges a malicious prosecution claim and Count IV requests a writ of mandate on backpay.

## C.  CHICAGO STATE UNIVERSITY IS NOT A SUABLE ENTITY

Initially it must be noted that Plaintiff has sued "Chicago State University," which is not a suable entity. Pursuant to 110 ILCS 660/5-10, "There is created a body politic and corporate which shall be styled the Board of Trustees of Chicago State University (hereinafter called the Board), and which shall operate, manage, control and maintain Chicago State University in accordance with the rights, powers and duties now or hereafter vested by law in that Board." The proper party to a suit is therefore the Board of Trustees of Chicago State University and not the University itself. However, even if Plaintiff had sued the Board of Trustees, the Complaint would be barred by sovereign immunity, as discussed below. Plaintiff's Complaint against Chicago State University should therefore be dismissed.

## D.  DEFENDANTS ARE SUED IN THEIR OFFICIAL CAPACITY

Another preliminary matter to be addressed is that Plaintiff has brought this suit against Defendants Daniel, Shaw and Hall-Walker without designating in the caption whether the suit is in their individual or official capacities. In 1985, the Seventh Circuit spoke clearly on this subject: "In order to avoid further confusion on this issue in the future, where a complaint alleges that the conduct of a public official acting under color state law gives rise to liability under Section 1983, we will ordinarily assume that he has been sued in his official capacity and only in that capacity . . . If a plaintiff intends to sue public officials in their individual capacity or in both their official and individual capacities, he should expressly state so in the complaint." *Kolar v. County of Sangamon*, 756 F.2d 564, 568 (7th Cir. 1985)(internal citations omitted).

Taken as a whole, the Complaint appears to state a claim against Defendants only in their official capacities. The caption of the case states the official titles of the persons sued – Elnora D. Daniel, President of Chicago State University, William Shaw, Chief of Police for Chicago State University and Nancy Hall-Walker, General Counsel for Chicago State University. Additionally, paragraphs 31 and 42 state "The Defendant's (*sic*) actions were committed while engaged in their official capacity as supervisors and employees of Chicago State University." Based upon the rule in *Kolar* and the internal allegations of the Complaint, it should be held that the suit is against the Defendants in their official capacities only.

### E.  PLAINTIFF'S CLAIMS FOR MONETARY DAMAGES ARE BARRED BY THE ELEVENTH AMENDMENT

The Defendants, in their official capacity, are immune from suit for damages under the Eleventh Amendment to the United States Constitution. A suit against an official in his or her official capacity is "only another way of pleading an action against an entity of which an officer is an agent. . ." and "is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). The Supreme Court has held that a suit "by private parties seeking to impose a liability which must be paid from public funds in the state treasury" is barred. *Edelman v. Jordan*, 415 U.S. 651 (1974). See also *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101 (1984). The Seventh Circuit has therefore held that "[B]ecause the state universities are the alter ego of the State, any damage award chargeable to university assets is an award against the State itself." *Cannon v. University of Health Sciences/ The Chicago Medical School*, 710 F.2d 351, 357 (7th Cir. 1983). Plaintiff's Complaint prays for monetary damages consisting of past wages and benefits, pre-judgment interest, future wages and benefits, loss of earning capacity, damages to reputation and career, pain and suffering and loss of enjoyment of life. The State is immune from suit for all of these damages and the Complaint should therefore be dismissed with prejudice.

### F.  PUNITIVE DAMAGES ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff's prayer for relief in Counts I, II and III requests punitive damages. "[T]he Eleventh Amendment restricts the nature of the relief a plaintiff can recover

in an official capacity suit. This constitutional provision protects the state from paying its own funds as damages for past conduct, unless the state has waived this defense or Congress has validly overridden it." *Hadi v. Horn*, 830 F.2d 779, 783 (7th Cir. 1987)(citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). "Thus a plaintiff is typically precluded from recovering punitive damages in an official capacity suit absent a waiver of such immunity by federal or state law." *Hill v. Shelander*, 924 F.2d 1370, 1373 (7th Cir. 1991). This defense has been neither waived nor overridden. Punitive damages are not available against Defendants in their official capacities. Plaintiff's prayer for punitive damages should therefore be dismissed with prejudice.

### G.  PLAINTIFF FAILS TO STATE A CLAIM FOR LACK OF DUE PROCESS

#### 1.  Plaintiff received all process that was due

Plaintiff's Complaint fails to state a cause of action for a procedural due process violation under either federal or state law. On the contrary, all of the process which Plaintiff was due is alleged in the Complaint. An allegation was made that Plaintiff had sexually assaulted a woman, that he was placed on leave - initially paid, then unpaid – that he was afforded an administrative hearing by the Merit Board, that he was cleared of the charges and that he was returned to his job. Plaintiff fails to allege any violation of Chicago State University's employment policies or procedures, nor does he allege that the procedure followed was deficient in any way.

Due process requires at a minimum "that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to

the nature of the case." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). "Due process is a flexible concept and requires only such procedural protections as fundamental principles of justice and the particular situation demand. . . . [P]rocedural due process in an administrative proceeding involving the discharge of a public employee requires that the employee be given notice of the charges against him, an explanation of the employer's evidence, and an opportunity to be heard." *McElroy v. Cook County*, 281 Ill.App.3d 1038, 1042 (1st Dist. 1996). Plaintiff was afforded his hearing and he was reinstated to his job. Under either a federal or state standard, Plaintiff fails to state a claim for lack of due process and Counts I and II should be dismissed.

### 2.  Plaintiff has an adequate state remedy for review of the backpay decision

At least in part, Plaintiff's Complaint appears to seek review of what he considers to be an unfair decision to pay him only part of what he requested in backpay. Construed as a due process allegation, Plaintiff's Complaint fails to state a cause of action because state law provides an adequate remedy for review of administrative decisions under the Illinois Administrative Review Act, 735 ILCS 5/3-101, *et seq.*

Plaintiff does not allege that the refusal to provide him adequate backpay is the result of some established state procedure. In denying that the plaintiff had alleged a due process violation, the Supreme Court noted in *Parrat v. Taylor*, 451 U.S. 527, 543 (1981), that "There is no contention that the procedures themselves are inadequate nor is there any contention that it was practicable for the State to

provide a predeprivation hearing." The Court continues, "The State provides a remedy to persons who believe they have suffered a tortious loss at the hands of the State." *Id*. Specifically addressing the Illinois Administrative Review Act, the court in *Michalowicz v. Village of Bedford Park*, ___ F.3d ___, 2008WL2357104 *5 (7th Cir. June 11, 2008), held that "Because the Act provides adequate remedies for the alleged violation of existing procedural requirements, Michalowicz has not stated a due-process claim arising from his posttermination hearing," (citing *Schact v. Wisc. Dep't of Corrections*, 175 F.3d 497, 503 (7th Cir. 1999)).

Plaintiff has an adequate remedy in the Administrative Review Act to address any procedural violation which may have led to the refusal to award full back pay. Plaintiff's claims in Counts I and II should be dismissed with prejudice.

## H. PLAINTIFF IS NOT ENTITLED TO ATTORNEY FEES FOR HIS STATE LAW CLAIMS

Plaintiff's prayers for relief as to Counts II, III and IV request attorney fees. Attorney fees are not available on Illinois state law claims unless specifically provided for by statute. "Apart from statute, there is, of course, no right on the part of the successful party to recover 'attorneys' fees and the ordinary expenses and burdens of litigation.'" *Meyer v. Marshall*, 62 Ill.2d 435, 442 (1976). Plaintiff does not allege any statutory right to attorney fees in regard to his state law claims. The prayer for attorney fees in Counts II, III and IV should be dismissed with prejudice.

## I. PLAINTIFF'S CLAIM FOR BACKPAY IN COUNT IV IS BARRED BY THE ELEVENTH AMENDMENT

Count IV is a pendent jurisdiction claim for backpay. To the extent that Plaintiff's claims are construed as a claim for back wages, the Eleventh Amendment provides immunity to the State. "[P]endent jurisdiction does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment." *Pennhurst*, 465 U.S. at 121, citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)(holding that the Eleventh Amendment barred an award of retroactive relief on a pendent claim).

Plaintiff's claim for backpay in Count IV is barred by the Eleventh Amendment and should be dismissed with prejudice.

## J. THE COURT OF CLAIMS HAS EXCLUSIVE JURISDICTION OVER PLAINTIFF'S CLAIM FOR BACKPAY

All claims for which the State has waived immunity shall be brought in the Court of Claims, pursuant to 705 ILCS 505/1, *et seq*. "Even if the Eleventh Amendment should permit suits against the Board of Regents, this Illinois statute thus requires us to dismiss [plaintiff's] state law tort claim for pecuniary damages against the Board." *Benning v. Board of Regents of Regency Universities*, 928 F.2d 775, 778 (7th Cir. 1991). See also, *Feldman v. Ho*, 171 F.3d 494, 498 (7th Cir. 1999).

The Court of Claims has exclusive jurisdiction over Plaintiff's claim for backpay in Count IV and the claim should therefore be dismissed with prejudice.

## K. PLAINTIFF FAILS TO STATE A CLAIM FOR BACKPAY

Plaintiff has pled only a "formulaic recitation" that he "has a clear and undisputed right to payment of his backpay and benefits." No indication is given

whether he believes this right is statutory, contractual or based in the common law. It is impossible for this court to determine what the source of that right is. Plaintiff therefore fails to state a claim.

Plaintiff's claim for backpay in Count IV fails to state a claim and should be dismissed with prejudice.

### L.  PLAINTIFF MAKES NO ALLEGATION THE INDIVIDUAL DEFENDANTS HAD ANY CONTROL OVER BACKPAY DECISION

Plaintiff does not provide any allegations that Defendants Daniel, Shaw or Hall-Walker had any part in the decision to award Plaintiff backpay, or the amount of the backpay awarded. Paragraph 57 of the Complaint specifically alleges that "The defendant, Chicago State University, has refused to pay for the Plaintiff's backpay and benefits for that period" yet paragraph (a) of the prayer for relief requests "A writ of mandate, requiring *Defendants* to pay the amount of backpay, payable to the Plaintiff" (emphasis added). Count IV does not state a cause of action against Defendants Daniel, Shaw and Hall-Walker and should be dismissed with prejudice as to them.

### M.  STATUTE OF LIMITATIONS BARS PLAINTIFF'S MALICIOUS PROSECUTION CLAIM IN COUNT III

The statute of limitations for a malicious prosecution cause of action is two years. 735 ILCS 5/13-202. Plaintiff's Complaint states that "In January, 2004, the CHICAGO STATE UNIVERSITY merit board determined BASSETT should return to work and be awarded $16,000.00 in back pay." [Complaint, ¶18]. "Traditionally, the statute of limitations has been held to run from the time that the last act giving

rise to the cause of action has occurred. A cause of action accrues when the plaintiff can first institute the action." *Withall v. Capitol Federal Savings of America,* 155 Ill.App.3d 537, (1st Dist. 1987). The elements required for a malicious prosecution cause of action are: 1) defendant brought a previous action against plaintiff, maliciously and without probable cause; 2) that the previous action was terminated in plaintiff's favor; 3) that plaintiff suffered some special injury beyond the usual expense, time or annoyance attributable to defending a lawsuit. *Cult Awareness Network v. Church of Scientology International*, 177 Ill.2d 267, 272 (1997). Termination in Plaintiff's favor is an essential element of his cause of action – in this case, Plaintiff could not bring his suit for malicious prosecution until the Merit Commission had returned him to work in January 2004. Plaintiff's cause of action accrued at that time. Any claim for malicious prosecution must have been brought no later that January 2006. Plaintiff's claim for malicious prosecution in Count III is therefore untimely and must be dismissed.

## N. THIS COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS IN COUNTS II, III AND IV

As noted above, Plaintiff fails to state a cause of action for a federal due process violation – the only federal claim he asserts in his Complaint. This Court may, but is not required to, retain jurisdiction of the state law claims remaining, if any. "Ordinarily, a federal court relinquishes jurisdiction of a s pendent state-law claim when the federal claims are dismissed before trial." *Rothman v. Emory University*, 123 F.3d 446, 454 (7th Cir. 1997). Defendants assert that no state law claims

remain; however, in the event this Court determines otherwise, there is no sound reason for this Court to retain jurisdiction. Plaintiff's state law claims should be dismissed.

## O.  CONCLUSION

Plaintiff's Complaint fails to state a federal cause of action for a due process violation. The Defendants, in their official capacities, are immune from suit under the 11th Amendment. Plaintiff's state law claims are either barred by the statute of limitations, must be brought in the Court of Claims or fail to state a claim. Therefore, Plaintiff's Complaint should be dismissed with prejudice.


**LISA MADIGAN**
**Illinois Attorney General**

**Respectfully Submitted:**
**s/JAMES A. LANG**
**IL Bar 06211100**
**Assistant Attorney General**
**General Law Bureau**
**100 W Randolph St, 13th FL**
**Chicago IL  60601**
**Phone:        (312) 814-5694**
**Fax:            (312) 814-4425**
**jlang@atg.state.il.us**


CERTIFICATE OF SERVICE

The above-signed, an attorney of record, hereby certifies that a copy of the foregoing document was served this August 14, 2008, upon the individuals identified below in the manner indicated.

LUKE A CASSON
ANDREOU & CASSON LTD
661 W LAKE ST  STE 2 N
CHICAGO IL  60661


VIA CM/ECF