```
           IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

GEOFFREY BASSETT,                )
                                 )
              Plaintiff,         )
                                 )
    v.                           )     No.  08 C 1123
                                 )
ELNORA D. DANIEL, et al.,        )
                                 )
              Defendants.        )

## MEMORANDUM OPINION AND ORDER

Geoffrey Bassett ("Bassett") has been and remains a police officer with Chicago State University ("University"), although his tenure was interrupted twice by discipline (ultimately he succeeded in obtaining the restoration of his position, together with back pay). Bassett's counsel has made several attempts to save this 42 U.S.C. §1983 ("Section 1983") lawsuit from extinction, most recently by belatedly tendering a Second Amended Complaint ("SAC") that advances one Section 1983 claim and two claims under Illinois state law against University's President Elnora Daniel, its Chief of Police William Shaw and its employee Nancy Hall-Walker

Defense counsel has now responded to the SAC with a motion to dismiss ("Motion"), noticed up for presentment on December 5, 2008. Because the time gap between the Motion's filing and the designated presentment date does not conform to this District Court's LR 5.3(b), but the Motion clearly appears to have substantive merit, this memorandum opinion and order

(1) addresses the merits and (2) orders counsel for the parties to appear in court at 9:15 a.m. November 25, 2008 to deal with the issues discussed here.

First, SAC ¶¶8 through 20 allege actions that span the period from April 2003 until, in November 2004, defendants allegedly directed that Bassett be taken into custody and charged with criminal sexual assault--even though they knew that those allegations were false and that he had previously been cleared of any misconduct by University's Merit Board (SAC ¶18). To the extent that any Section 1983 claim might be predicated on conduct during that 2003-04 time frame, such a claim would unquestionably be barred by the two-year statute of limitations that is applicable to Illinois-based Section 1983 actions. Indeed, because the damages that Bassett claims to have then sustained--his being kept on administrative leave for 2-1/2 years until he was tried, found not guilty and restored to his position (SAC ¶¶21-25)--flowed from the assertedly unlawful November 2004 conduct, it would seem that the principle enunciated in Del. State Coll. v. Ricks, 449 U.S. 250 (1980) in the field of employment discrimination might well also bar any claim for such later-suffered effects of the earlier time-barred conduct.

But there is no need to pursue that line of inquiry further, for several other fatal defects appear independently to doom the SAC and this action. This opinion turns to those added flaws.

For one thing, this action appears to be aimed at the wrong targets. Any job-related indignities that Bassett says he has suffered (all, it should again be noted, having been corrected by his reinstatement to active duty with back pay) were not imposed by the three defendants, but rather by the Merit Board, which is vested with administering all aspects of the disciplinary process for University employees (110 ILCS 70/36o). Thus even if defendants did indeed cause Bassett to be taken into custody and charged in November 2004 as SAC ¶18 asserts, his placement on administrative leave at that time was the Merit Board's decision and not that of the three named defendants.

Suppose however that Bassett could clear both of the already-identified hurdles. Even so, his effort to invoke Section 1983 must fail because he plainly has not suffered a deprivation of liberty or property without due process of law. For that purpose, either the absence of a loss of liberty or property or the presence of procedural due process will suffice to defeat the claim.

First, Bassett received all the process due him. There is no assertion in the Complaint of any violation of University's employment policies or procedures or any allegation that the procedures affecting Bassett were constitutionally inadequate.

Apparently recognizing that deficiency, Bassett asserts harm to his liberty interest by the imposition of a stigma stemming

from the charges that were brought against him. But on that score it has long been established that Section 1983 liability requires a showing of "stigma plus" (the seminal decision in Paul v. Davis, 424 U.S. 693 (1976), which first articulated that principle, has been adhered to countless times since then)--and the required "plus" of impairment of Bassett's employment opportunities is expressly negated by the restoration and retention of his job at the University itself.

In sum, defendants' Motion as to Bassett's Section 1983 claim appears to be sound in several respects, any one of which would suffice for dismissal of that claim.[1] That being the case, customary handling would call for the without-prejudice dismissal of the state-law claims advanced in SAC Counts II and III (United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) and its numerous progeny prescribe such handling). Unless Bassett's counsel can articulate persuasive grounds for the preservation of this action at the status hearing earlier ordered to be held at 9:15 a.m. November 25, this Court plans to proceed as outlined in this opinion.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 20, 2008

---

[1] In this area of the law, even a single fatal strike is out. Hence it is no more than symbolic that the SAC represents Bassett's third whiff.

4